IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00812-PAB-BNB

WORLD ACCESS INC., a Colorado corporation, successor in interest to
EFFICIENT COMMUNICATIONS, INC.,

    Plaintiff,

v.

MACTEC ENGINEERING AND CONSULTING, INC.,

    Defendant.

---

**ORDER**

---

This matter is before the Court on the motion to dismiss or for a more definite statement [Docket No. 11] filed by defendant MACTEC Engineering and Consulting, Inc. ("MACTEC"). The motion is fully briefed and ripe for disposition.

**I. STANDARD OF REVIEW**

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's Complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted). In doing so, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation marks and citation omitted). At the same time, however, a court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (omission marks, internal quotation marks, and citation omitted). The "plausibility" standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible. *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1950 (2009) (internal quotation marks and alteration marks omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (quotation marks and citation omitted).

## II. DISCUSSION

According to the complaint, Efficient Communications, Inc. ("ECI") and defendant entered into a Master Subcontract Agreement for Consulting Projects ("Agreement"), *see* Docket No. 1-1, whereby ECI agreed to "provide contract and consulting services for the construction and supervision of cellular towers in and around the states of Florida and North Carolina." Docket No. 1 at 2, ¶ 6.[1] Plaintiff alleges that ECI

---

[1] Plaintiff identifies itself as a "successor in interest" to ECI. As defendant points out, ECI was prohibited from assigning the Agreement without the consent of

completed work in compliance with the Agreement but defendant did not pay ECI for its work.  *See* Docket No. 1 at 2, ¶¶ 8-10.  Plaintiff also alleges that ECI retained High Performance Communications ("HPC") to act as a lead contractor and that, because of defendant's breach, ECI was unable to pay HPC.  Defendant, however, apparently met with HPC and paid the outstanding amounts.  *See* Docket No. 1 at 3, ¶ 17.  The foregoing is the sum and substance of the complaint's factual allegations.

Based upon those allegations, plaintiff raises three claims for relief: (1) breach of contract, (2) unjust enrichment, and (3) attorney's fees.  In regard to plaintiff's breach of contract, plaintiff alleges that defendant was required to pay for certain undefined work and defendant failed to do so.  Plaintiff alleges, in support of its unjust enrichment claim, that it provided defendant with "products, services, and materials" and that defendant did not pay for those benefits and, therefore, defendant was unjustly enriched.  *See* Docket No. 1 at 4, ¶¶ 25-27.  Such bare bones recitations are inadequate to state viable claims for relief.  *Griley v. National City Mortg.*, No. CIV. 2:10-1204 WBS KJM, 2010 WL 3633766, at *6 (E.D. Cal. Sep. 14, 2010) ("[P]laintiff's pleading amounts to bare recitation of the elements of breach of contract and fails to cross 'the line between possibility and plausibility,' or to allege sufficient facts to put either Green Tree or Fannie Mae on notice as to how they breached the loan contract.") (citations omitted).[2]  Most of the allegations in the complaint are conclusory and

---

defendant.  *See* Agreement [Docket No. 1-1] at 4, § 11.1.  For the reasons discussed below, the Court need not reach this issue.

[2]Moreover, despite alleging in its first claim for relief that it was harmed by the alleged breach, *see* Docket No. 1 at 4, ¶ 23, the general allegations of the complaint could support the inference that the harm suffered by plaintiff, i.e., ECI not being able to

3

therefore provide an inadequate basis on which to determine the complaint's sufficiency. Moreover, although plaintiff attaches a copy of a contract between ECI and defendant, the contract underscores the inadequacy of several allegations in the breach of contract claim. For example, plaintiff alleges that, "[p]ursuant to the terms of the [A]greement, Defendant was required to make payments within 15 days of receipt." Docket No. 1 at 2, ¶ 9. The contract states that "[p]ayment of any amounts not in dispute will be made to SUBCONSULTANT within fifteen (15) days of receipt by MACTEC . . . ." Docket No. 1-1 at 1, § 3.2. The complaint does not allege that the payments defendant failed to make were "not in dispute." In fact, plaintiff suggests that such payments are *in dispute* in its response to the motion to dismiss: "Defendant either partially paid or refused to pay the approved invoices as they become [sic] due allegedly because of defective work completed by Plaintiff." Docket No. 20 at 4. Thus, the conclusory allegation that plaintiff performed work and defendant failed to pay for it does not adequately notify defendant of what work has not been reimbursed.

Plaintiff's response to the motion to dismiss fails to demonstrate the adequacy of the complaint. Instead of pointing to the factual allegations it deems sufficient to support an inference of liability, plaintiff argues that it "seems unnecessary to require plaintiff to plead such specific facts because officers and employees of Defendant have personal knowledge of these facts and events." Docket No. 20 at 3. This statement fundamentally misapprehends the pleading requirement that the relief requested in the complaint must plausibly follow from the facts alleged. In making this determination on

---

pay HPC, was remedied by defendant paying HPC directly. None of this, however, can be discerned with any confidence from the complaint.

a defendant's Rule 12(b)(6) motion, the Court is not required to assume that the defendant can figure out the basis of the claim even if the Court cannot, which is precisely what plaintiff asks the Court to do: "it is reasonable for the Court to infer that Plaintiff's allegations give reasonable notice of what, when, where, and how the dispute" arose, see Docket No. 20 at 4. However, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Plaintiff's complaint fails to meet this standard.[3]

As a final note, plaintiff requests leave to amend its complaint in a single sentence at the conclusion of its response. The Local Rules in this District are clear that a "motion shall not be included in a response or reply to the original motion," but rather "shall be made in a separate paper." D.C.COLO.LCivR 7.1.C. No motion to amend is pending before the Court. *See Calderon v. Kansas Dep't of Social and Rehabilitation Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) ("We have recognized the importance of Fed. R. Civ. P. 7(b) and have held that normally a court need not grant leave to amend when a party fails to file a formal motion."); *McNamara v. Pre-Paid Legal Servs., Inc.*, 189 F. App'x 702, 719 (10th Cir. 2006) (unpublished) ("Plaintiffs failed to adequately

---

[3]Because plaintiff's third claim for relief, which requests an award of attorney's fees, is dependent upon the success of the first two claims, it too must be dismissed. Moreover, only in response to defendant's motion does plaintiff draw a connection between MACTEC's alleged breach of contract and the complaint's allegations regarding HPC. Those allegations, however, are not in the complaint and, in any event, fail to address the pleading deficiency discussed above.

5

request amendment and to support that request. Consequently, the district court did not err in dismissing this case without leave to amend."); *see also Blythe v. Southwest Airlines Co.*, No. 10-2047, 2010 WL 2473863, at *3 (10th Cir. June 18, 2010) (concluding that plaintiff's request, in response to a motion to dismiss, for sixty days to amend her complaint failed to "'give adequate notice to the district court and to the opposing party of the basis of the proposed amendment'" and, therefore, "the district court correctly denied her leave to amend her complaint") (quoting *Calderon*, 181 F.3d at 1186-87).

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that MACTEC's motion to dismiss or for a more definite statement [Docket No. 11] is GRANTED. All claims against MACTEC are dismissed.

DATED October 20, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge